## COMMERCIAL LITHOGRAPHING CO. v. CLEAN–A–PRESS MACH. CO.

### No. 8635.

Circuit Court of Appeals, Eighth Circuit.

Feb. 20, 1930.

Arthur C. Brown, of Kansas City, Mo., for appellant.

Ralph Orwig, of Des Moines, Iowa, for appellee.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

STONE, Circuit Judge.

This is an action for infringement of letters patent No. 1,598,819, issued September 7, 1926, to Joseph B. Hill. From a decree adjudging infringement, this appeal is brought.

The usual defenses of invalidity of the patent and noninfringement were presented to the trial court and are in issue here. The patent has to do with the removal of ink from printing press inking rolls. In the operation of large printing presses, the ink is conveyed from a container to the type through a series of contacting rolls, some of which are metal and some of which are made of a fairly soft composition. In operation, these rolls become dirty, so that it is necessary to clean them; also it is necessary, at times, to change the color of ink, and, in order to prepare the rolls for this change, they must be cleaned of the ink then on them. Experience has demonstrated that the cleaning of one of the series of rolls during running of the press will result in cleaning enough of the ink to secure the desired result. The patented device is intended to clean these rolls by cutting the ink and accumulated foreign matter from one of the metal rolls by a sharp knife edge suitably mounted on an appliance which is attachable to a press and can be easily placed in position for cleaning or removed when the press is being operated for printing.

Defendant's device has the same purposes and operates in the same general manner. Therefore it is of prime importance to determine the scope of this patent. Unless the patent is broad enough to cover defendant's device, there can be no infringement, and therefore no necessity of testing the validity of the patent. In this determination, it is logical to first consider the history of this patent in the patent office, since it is urged that the file wrapper materially limits the scope of the patent, and that, as so limited, there is no infringement.

The application was filed in the Patent Office February 18, 1925. After describing the device, the applicant made nine claims. Of these, the first three were for a method of cleaning and the others were claims for a combination of the cleaning devices with ink-distributing rolls. The combination claims, as originally made, were quite broad, and, generally speaking, covered "a stationary cutting blade associated with one of the rolls in such manner as to cut from the roll ink upon its surface when the series of rolls is being rotated" with the blade-supporting bracket and blade-adjusting arrangement. All of the claims were rejected upon specific citations. To this the applicant responded by canceling all claims and substituting two new claims. In this response, the applicant states:

That he "has long known of the use of cutting blades or 'doctors' as applied to lithographing presses, such for instance as that shown in the patents to Nuttall and Gubelman, and hence applicant makes no claim to the broad idea of a cutting knife applied to a printing cylinder of a printing press. Applicant is also aware that attempts have been made to scrape ink from the soft or composition rolls of a train of rolls in a printing press, such scraping devices, however, have not proven effective, because if the scraper blades were applied to the soft rolls with sufficient friction to remove any substantial amount of ink thereon, they would quickly destroy the surfaces of the rolls themselves.

"In the new claims applicant has carefully distinguished his invention from these two prior art devices by reciting therein the entire combination of elements or steps of the process, including the transmission of the ink from the inking roll to a soft surfaced roll, then from a soft surfaced roll to a hard surfaced roll, and then cutting it as distinguished from scraping it from the hard surfaced roll. This combination and method is not shown in any of the patents cited."

The above quotation is followed by a statement of the particular conception which is claimed to be novel and which is expressed as follows (italics added):

"Applicant's invention or discovery consists in the conception of the idea that by applying a sharp edged cutting knife *in a position almost parallel with the surface of a hard roll with which it is in contact,* he can cut the ink from the roll and then by having this hard surfaced roll in contact with a soft surfaced roll, which latter is in contact with the inking roll, the ink can be removed from all of the rolls without in any way affecting the printing cylinder or the printing forms thereon, and without in any way injuring the soft surfaced rolls used for ink transmission."

In line with the above assertion, each of the two claims definitely stated that the cutting edge of the knife should be "tangent to, but almost approaching parallelism with, the surface of the roll" (claim 1) and "tangent to, but closely approaching parallelism with, the surface of the roll" (claim 2). New claim 2 was rejected because it was for the function of a machine rather than for a structural device. Objection was also made to the expression in claim 2 as to the position of the knife edge. Claim 1 was stated to be allowable subject to the objection "that it is not clear what is meant by the expression 'tangent to, but almost approaching parallelism with,' line 9. If the cutting edge were tangent to the roll it would necessarily be parallel therewith. It is suggested that the expression referred to be changed to *approximately tangential to.*"

■ The applicant acquiesced in this determination of the Examiner, canceled claim 2, and changed the expression of claim 1 in exact accordance with the suggestion of the Examiner so that that part of the claim would read "cutting edge approximately tangential to the surface of the roll." This history in the Patent Office convinces that the patent would not have been allowed except for this tangential relation between the cutting edge and the roll. This very much limited the original claims made by the applicant. He accepted the patent with those limitations, and is bound thereby in the construction of the scope to be given the single claim of the patent. I. T. S. Rubber Co. v. Essex Rubber Co., 272 U. S. 429, 443, 47 S. Ct. 136, 71 L. Ed. 335; Weber Electric Co. v. Freeman Elec. Co., 256 U. S. 668, 677, 41 S. Ct. 600, 65 L. Ed. 1162, and the following cases in this court: R. H. Buhrke Co. v. Brauer Bros. Mfg. Co., 33 F.(2d) 838, 839; Knick v. Bowes, etc., 25 F.(2d) 442, 446.

■ Defendant employs an edge which contacts with a metal roll and thereby removes the ink. It is necessary to compare defendant's machine with the patented device to ascertain whether there is infringement. The crux of this question is whether the blade employed by defendant is placed in contact with the metal roll "approximately tangential." In the course of the trial, plaintiff introduced two exhibits showing the angle of contact of the knife under the patented device and of the knife used by defendant, which are as follows:

"Approximately tangential" means, of course, slightly removed from a tangent. Such is the drawing introduced of the knife under the patent. But the knife used by defendant, as shown by the above exhibit, is far from tangential. In fact, it is almost radial in its contact with the metal roll. The necessary result is that defendant's machine does not infringe this patent.

The decree should be and is reversed and remanded, with instructions to dismiss the bill for lack of infringement.